McDonald, J.
In this action, the plaintiffs, individually and as trustees of an organization of condominium unit owners, claim that the condominium’s developers and their successor, the defendant Haymarket Cooperative Bank (“Haymarket”) are liable for defective construction of the condominium development. Haymarket has moved to dismiss the claim against it on the grounds that it is time-barred. For the following reasons, Haymarket’s motion to dismiss is denied in part and allowed in part.
BACKGROUND
The plaintiffs allege the following facts in their Verified Complaint, which must be taken as true for purposes of this motion:
The defendants, David Brignati and Joseph Car-pinteri (collectively referred to as “the Developers”), acquired land and obtained a construction loan from Haymarket to develop and construct a 21-unit residential condominium development, the Lakeview Landing Condominium (“the Condominium”), in Shrewsbury, Massachusetts. The plaintiffs, Brent Arthaud, Edgar Muntz and Amy Seligman, own units at the Condominium and are trustees of the Lakeview Landing Condominium Trust (“the Trust”), the organization of unit owners. As constructed, the Condominium’s common areas and facilities contain material defects and deficiencies which the Developers failed to remedy. The Verified Complaint lists the following deficiencies in the Condominium’s common areas and unit interiors:
A. Deficient construction of the street elevation deck assemblies including, without limitation, use of inferior and inappropriate construction materials, poor workmanship, unfinished wall system, improper flashing and painting allowing water infiltration, all of which has caused damage to other *404 portions of the decks, posts, columns, handrails and the electrical and lighting systems;
B. Deficient construction of the elevator enclosure assembly including without limitation, use of improper construction materials on roof area, deficient installation of wall finish system, deficient painting, vestibule at third level is not enclosed, vestibules are unheated, all of which has allowed water infiltration and caused damage to common area elements;
C. Deficient construction of lake elevation assembly, including without limitation, improper floor pitch, incomplete painting, inappropriate carpeting, use of deficient construction materials (including plywood decking) all of which has allowed water infiltration and caused damage to other common area elements;
D. Deficient painting of common area elements including trim, rails, posts, columns, soffits and roof dormers all of which has caused damage to common area elements;
E. Improper installation of gutters and downspouts;
F. Deficient construction of rear concrete slab including, without limitation, the exterior rail system on the slab deck;
G. Rear deck areas are unsecured from public access; and
H. Stairwells were designed and constructed with inadequate lighting.
By June of 1994, the Developers had not sold 15 of the 21 condominium units and had defaulted under their mortgage to Haymarket. In the spring or summer of 1994, Haymarket’s Vice President told condominium unit owners that Haymarket was “running the property.”
On September 20, 1994, Haymarket conducted a foreclosure sale of the Developers’ units. From approximately September 20, 1994 until January 18, 1995, Haymarket conveyed certain units by foreclosure deeds and took over the condominium project by working with the Developers in completing construction of certain common areas, resolving insurance claims, and obtaining necessary permits.
On January 17, 1995, the plaintiffs replaced the Developers as trustees of the Trust. The Developers had been the only trustees since the Trust’s inception in 1992.
On April 8, 1998, the plaintiffs filed this action, alleging negligence by the Developers (Count I), breach of implied warraniy by the Developers (Count II), misrepresentations by the Developers (Count III), breach of fiduciary duty by Brignati and Carpinteri individually (Count IV), and Haymarket’s liability under G.L.c. 183A, §22 for existing construction defects and for failing to make capital contributions (Count V).
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.R 12(b)(6), the court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the parties whose claims are the subject of the motion. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Nader v. Citron, 372 Mass. 96, 98 (1977).
At issue is whether the plaintiffs’ claim against Haymarket is time-barred. The plaintiffs allege that “Haymarket has succeeded to the obligations of the [Developers ], and is jointly and severally liable with the [Developers] for the existing construction defects and [their] failure to make capital contributions.”
The successor liability statute, G.L.c. 183A, §22 provides:
In the event of a foreclosure upon a condominium development, the lender taking over the project shall succeed to any obligations the developer has with the unit owners and to the tenants, except that the developers shall remain liable for any misrepresentation already made and for warranties on work done prior to the transfer.
1.Defective Construction Claim
In determining the nature of the plaintiffs’ claim of defective construction, the Court looks to the gist of the action, rather than its label. See Kingston Housing Authority v. Sandonato & Bogue, Inc., 31 Mass.App.Ct. 270, 274 (1991). The plaintiffs’ claim of defective construction sounds in tort. See Klein v. Catalano, 386 Mass. 701, 719 (1982) (action for defective construction is governed by statute of limitations applicable to negligence rather than contract; architects do not impliedly guarantee that their work is fit for a particular purpose, but rather they impliedly promise to exercise that standard of reasonable care required of members of their profession).
General Laws c. 260, §2B, which establishes a three-year statute of limitations for defective construction claims, provides in pertinent part:
Actions for tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property . . . shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.[3]
*405 Contrary to Haymarket’s assertions, the three-year limitations period for defective construction accrues not when the successor takes over the improvement to real property or when the construction is completed, but when the plaintiffs actually know or reasonably should know that they have been injured. See Riley v. Presnell, 409 Mass. 239, 245 (1991); White v. Peabody Construction Co., Inc., 386 mass. 121, 129 (1982) (cause of action accrued when the plaintiffs first saw water leaks in newly constructed building). “Reasonable notice that a particular product or a particular act of another person may have been a cause of harm to a plaintiff creates a duty of inquiry and starts the running of the statute of limitations." Bowen v. Eli Lilly & Co., Inc., 408 Mass. 204, 210 (1990).
Nowhere do the plaintiffs specify when their cause of action accrued; rather, they assert in their opposition to the motion to dismiss that it must have accrued sometime after they became trustees on January 17, 1995. The plaintiffs argue that the statute of limitations was tolled until January 17, 1995, while the Developers were trustees, because the Developers, on behalf of the unit owners, would not likely institute an action against themselves for defective construction. Even if true, there being no Massachusetts authority directly on point,[4] this argument does not aid the plaintiffs, as Count V is time-barred if and to the extent which it accrued prior to April 8, 1995.
Haymarket contends that the plaintiffs’ cause of action accrued at the latest by January 18, 1995, when Haymarket and the Developers had completed construction and repairs in the Condominium’s common areas. This argument only has merit with respect to defects which were not inherently unknowable upon termination of the construction and repairs on January 18, 1995, which are the following: (1) the rear deck areas were unsecured from public access, and (2) the stairwells were designed and constructed with inadequate lighting. As, by their nature, these defects were immediately obvious to the plaintiffs by January 18, 1995, Haymarket has established that Count V, insofar as it is based on these immediately apparent defects, was not brought within the limitations period.
In response to Haymarket’s showing, and in order to survive the motion to dismiss with respect to these two defects, the burden of proving facts that take the case outside the impact of the statute now falls to the plaintiffs. See Riley v. Presnell, 409 Mass. at 243-44. The plaintiffs’ arguments fail to meet that burden. Count V, therefore, is time-barred to the extent that it alleges successor liability for the immediately apparent defects of (1) failure to secure the rear deck areas from public access, and (2) inadequate lighting of the stairwells.
The defendants have not established, however, that the remaining alleged defects were apparent to the plaintiffs by January 18, 1995. They are: (1) defective construction of street elevation deck assemblies, elevator enclosure assembly, lake elevation deck assembly, and the rear concrete slab, all of which caused water infiltration; (2) improper installation of gutters and water spouts; and (3) deficient painting of common area elements including trim, rails, posts, columns, soffits and roof dormers. Rather, by their nature, these alleged defects may not have been discoverable until much later than January 18, 1995. As Haymarket has not demonstrated that the plaintiffs knew or reasonably should have known before April 8, 1995 about these alleged defects, it has not established that Count V, insofar as it is based on these defects, was not brought within the limitations period. Consequently, the motion to dismiss is denied with respect to these defects.
2. Failure to Make Capital Contributions
In their Verified Complaint, the plaintiffs claim that “(t]he Developer[s] failed to make the capital contributions required by the governing documents of the Condominium.” In contrast to claims for a developer’s misrepresentations or breaches of warranty,[5] the statute does not shield the successor from liability for a developer’s contractual obligations.
As the plaintiffs’ contract claim is governed by the six-year statute of limitations, see G.L.c. 260, §2, it is barred if it accrued before April 8, 1992. Haymarket does not even argue that this limitations period bars the plaintiffs’ claim for failure to make capital contributions, nor has Haymarket presented any evidence that the Developers’ failure to make capital contributions, if proven, occurred prior to April of 1992. Therefore, Haymarket is not entitled to dismissal of Count V insofar as it sounds in contract.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendant Haymarket Cooperative Bank’s Motion to Dismiss is ALLOWED to the extent that Count V of the plaintiffs’ Verified Complaint is based on the defendants’ alleged failure to secure rear deck areas from public access and their alleged failure to provide adequate lighting in the stairwells. It is further ORDERED that the Motion to Dismiss is DENIED to the extent that Count V is based on all other forms of defects set forth in the Verified Complaint and the failure to make capital contributions.

 Neither party contends that the six-year statute of repose is dispositive of this case.

 In support of this argument, the plaintiffs rely upon Libman v. Zuckerman, 33 Mass.App.Ct. 341, 345 (1992), another defective construction case, in which a master concluded that the defendants, condominium developers, were estopped from raising the statute of limitations defense, as they had been managers of the condominium owners' association. The defendants failed to file any objections to the *406 master’s report, and the Appeals Court accepted the master’s findings. The master’s conclusion was not a holding of the Appeals Court supporting the plaintiffs’ argument, and therefore does not constitute authority which this Court must follow.
Nor does the analogous "adverse domination” doctrine directly support the plaintiffs’ position. Under that doctrine, a statute of limitations is tolled while a corporate plaintiff acts under the domination of the wrongdoers. See Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 523-24 (1997). As this case involves a trust, rather than a corporation, the adverse domination doctrine is inapplicable.

 By its express terms, G.L.c. 183A, §22 does not subject a lender to liability for a developer’s misrepresentations or breach of warranty. Accordingly, Haymarket is not hable under G.L.c. 183A, §22 to the plaintiffs for their claim — raised solely in their memorandum in opposition to the motion for summary judgment — that the Developers made misrepresentations or breached an implied warranty for which Haymarket is hable.